IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RICHARD BRITTAIN,<br><br>　　　　Defendant. | Case No. 21-20019-JAR-5 |

## MEMORANDUM AND ORDER

This matter is before the Court on pro se Defendant Richard Brittain's Petition for Reconsideration Invoking Fed. R. Civ. P. 60(b)(3) and 60(d)(3) Based on Fraud on the Court (Doc. 227). The motion is fully briefed, and the Court is prepared to rule. As described more fully below, the Court denies Defendant's motion.

I.  **Background**

Defendant moves to reconsider the Court's February 27, 2025 Memorandum and Order denying his motion for compassionate release from confinement at FCI Fort Dix.[1] In his motion for compassionate release, Defendant argued that his medical conditions, when considered together with his age and conditions of confinement, constitute extraordinary and compelling circumstances that warrant compassionate release. The Court acknowledged that Defendant has several serious medical issues and requires specialized care, but it found that the record did not support his assertion that he is not receiving that care. Although the Court noted that Defendant's caseworker represented that he had been recommended for residential reentry placement soon, the Court could not find that Defendant's medical conditions would be better

---

[1] Doc. 204.

treated with more specialized care if the Court granted him compassionate release in the face of no reentry plan.

## II. Standards

Although the Government is correct that the Federal Rules of Criminal Procedure do not provide for motions to reconsider, they "are proper in criminal cases."[2]

> A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. Specific grounds include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier.[3]

## III. Discussion

Here, Defendant urges reconsideration because his Bureau of Prisons ("BOP") caseworker misrepresented to the Court that he would be released to a residential reentry center; in fact, he has not been released. He also contests the BOP's calculation of his good time credits and again challenges the conditions of his confinement.

Defendant has not met his burden of demonstrating grounds upon which the Court may grant reconsideration in this matter. While the Court did acknowledge that Defendant was due to be released to a residential reentry center based on BOP documents provided to the Court, this fact did not form the basis of the Court's finding that Plaintiff failed to meet the standard for extraordinary and compelling circumstances based on a medical condition under U.S.S.G. § 1B.13(b)(1)(B) and (C). Most troubling to the Court was Defendant's lack of a reentry plan, which Defendant failed to provide to the Court even after being given additional time to do so.

---

[2] *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

[3] *Id.* (citations omitted) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

The Court simply could not make a finding on the record before it that Defendant's medical conditions would be better treated with more specialized care if the Court granted him compassionate release.

As for the BOP's calculation of his good time credit, that did not form the basis of Defendant's motion for compassionate release and is not a ground that this Court can or should consider when deciding such a motion.[4]

Finally, the Court determined that Defendant's conditions of confinement did not constitute extraordinary and compelling reasons for his compassionate release, and Defendant fails to demonstrate that the Court's ruling deserves reconsideration. The conditions of confinement discussed in the instant motion fall short for the same reasons identified in the Court's earlier Order. The conditions of confinement cited by Defendant are not specific to him; they are issues impacting all prisoners at Fort Dix—crediting the generalized conditions recited in Defendant's motion would justify compassionate release for all prisoners at Fort Dix. And Defendant's assertions of constitutional violations are challenges that must be raised in a civil rights action.[5] Moreover, Defendant fails to demonstrate that there is "an ongoing outbreak of infectious disease, or . . . an ongoing public health emergency declared by the appropriate federal, state, or local authority" that would satisfy U.S.S.G. § 1B.13(b)(1)(D)(i).

For all of these reasons, Defendant's motion for reconsideration is denied.

---

[4] *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808 (10th Cir. 2007) (considering challenge to good time credits under 28 U.S.C. § 2241 because it challenges "the execution of the sentence rather than its validity and must be filed in the district where the prisoner is confined").

[5] *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Richard Brittain's Petition for Reconsideration Invoking Fed. R. Civ. P. 60(b)(3) and 60(d)(3) Based on Fraud on the Court (Doc. 227) is **denied**.

**IT IS SO ORDERED.**

Dated: September 15, 2025

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE